# Redding et al. v. Fincel.

June 7, 1949.

Rehearing denied December 13, 1949.

Clifford E. Smith and Amos H. Eblen for appellants.

Philip P. Ardery and Ben B. Fowler for appellee.

JUDGE HELM—Reversing.

This is an appeal from a judgment of the Franklin circuit court.

The appellee, Hazel Fincel, attended Eastern State Teachers College for the equivalent of two school years, completing that work January 23, 1925. She was then issued a certificate entitling her to teach in any school in the Commonwealth for a period of three years. She taught in the public schools for three years, and on January 25, 1928, her certificate was extended for life by the Superintendent of Public Instruction and the President and Secretary of the Board of Regents of Eastern State Teachers College. Later, she attended the University of Kentucky where she received a Bachelor of Arts Degree in Education August 23, 1940. On July 1, 1942, the Department of Education issued plaintiff a standard elementary certificate, valid for four years and expiring June 30, 1946.

KRS 161.060(3) provides:

"The standard elementary certificate, valid for four years, shall be issued to a person who is a graduate of a standard four-year college or university and who has completed a curriculum of at least one hundred and twenty semester hours for the training of elementary teachers, which curriculum meets the minimum standards prescribed by the State Board of Education for the issuance of such certificate. The certificate may be reissued or renewed every four years after three years' teaching experience during the life of the certificate or upon the presentation of one-half year of standard college or university work of graduate grade prescribed in the same manner as for the original issue. * * *"

During the four years covered by her standard elementary certificate, Miss Fincel taught in the Frankfort City Schools. As pointed out by the foregoing statute, it is required that her standard elementary certificate be renewed for additional four-year periods by application to the Department of Education. In their brief her counsel say: "This process * * * was overlooked by Miss Fincel when her standard elementary certificate was ready to be renewed in June of 1946."

On October 12, 1942, the Frankfort Board of Education and Miss Fincel had entered into a contract of employment as follows:

"This continuing contract of employment shall remain in full force and effect, subject to all the provisions herein set forth, except as modified by mutual consent, in writing, of the Board and the Teacher, unless and until terminated with written notice, stating cause or causes, to the Teacher, by a majority of the full membership of the Board before March 31 of the then current year, or by written resignation before that date, and such termination shall take effect at the close of the school year in which this contract is so terminated. The expression 'cause or causes' as used in this paragraph shall mean failure on the part of the Teacher to fulfill this contract, or violation on the part of the Teacher of a lawful provision thereof. This contract may be terminated at any time by mutual consent of the Board and the Teacher."

This contract further provides:

"This contract shall terminate if, at the beginning of any school term, the Teacher does not hold a valid teacher's certificate covering the period of said term; * * * ."

In May, 1947, and at a time when her standard elementary certificate had not been reissued or renewed, appellant, C. D. Redding, recommended that Miss Fincel be employed under a one-year contract of employment. Miss Fincel signed a one-year contract with the Frankfort Board of Education for the year 1947-48. On March 8, 1949, appellant recommended to the school board that Miss Fincel not be employed any longer. Upon his recommendation and the advice of the school board's counsel, the board entered the order terminating Miss Fincel's employment and notifying her of the termination, effective June 4, 1948, the last day of the 1947-48 school term.

On March 16, 1948, Superintendent Redding, in the presence of his Secretary, Miss Margaret Averill, presented to Miss Fincel a letter advising her that:

"On the recommendation of Superintendent C. D. Redding, the Board of Education of Frankfort, Kentucky, at a regular meeting March 8, 1949, voted to notify you that you will not be reelected for the school year 1948-49."

Miss Fincel took the letter, read it, and then stated that she refused to accept it. On March 26, 1948, shortly after this, Miss Fincel was charged with conduct "unbecoming a teacher," as provided for in KRS 161.790.

KRS 161.720 provides:

"* * * (3) The term 'limited contract' shall mean a contract for the employment of a teacher for a term of four years or less. * * *

"(6) The term 'standard' or 'college' certificate for the purpose of KRS 161.720 to 161.810 shall mean any certificate issued upon the basis of graduation from a standard four-year college."

KRS 161.740 provides:

"(1) Teachers eligible for continuing service status in any school district shall be those teachers who meet qualifications listed in this section:

"(a) Hold a standard or college certificate as defined in KRS 161.720."

In the teacher's tenure contract, as prepared by the State Board of Education and as signed by Miss Fincel, it is provided in Paragraph 16:

"This contract shall terminate if, at the beginning of any school term, the teacher does not hold a valid teacher's certificate covering the period of such term; * * * ."

Miss Fincel's standard elementary certificate, the only certificate provided for in KRS 161.740, having expired on June 30, 1946, and not having been renewed at the beginning of the following school term, her contract with the Frankfort Board of Education entered into in October, 1942, expired and she had no further right under that contract. It follows that the Frankfort Board of Education was within its rights in terminating the employment of Miss Fincel.

This being true, we do not reach that part of the record embracing the hearings, proceedings and orders on the charge of conduct unbecoming a teacher.

The judgment of the circuit court is reversed with directions to enter a judgment in keeping with this opinion.